**Lakhbir Singh DHILLON, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 00–70497. INS No. A72–118–005.**

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2001 *.

Decided July 23, 2001.

Before KOZINSKI, T.G. NELSON, and RICHARD C. TALLMAN, Circuit Judges.

MEMORANDUM **

Lakhbir Singh Dhillon, a native and citizen of India, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an Immigration Judge's ("IJ") order denying his application for asylum and withholding of deportation. We have jurisdic-

action under 8 U.S.C. § 1105a(a). IIRIRA § 309(c)(1); *Kalaw v. INS*, 133 F.3d 1147, 1150–51 (9th Cir.1997).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

tion under 8 U.S.C. § 1105a(a).[1] "Where, as here, the BIA adopts the IJ's decision while adding its own reasons, we review both decisions." *Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir.2000). We deny the petition.

The IJ's and BIA's adverse credibility determinations are supported by substantial evidence and specific, cogent reasons. *See de Leon–Barrios v. INS*, 116 F.3d 391, 394 (9th Cir.1997). Therefore, Dhillon failed to establish eligibility for asylum. *See id.* at 393. It follows that he failed to meet the more stringent standard for withholding of deportation. *See id.* at 394.

### PETITION FOR REVIEW DENIED.

---

1. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), replaced this section with a new judicial review provision codified at 8 U.S.C. § 1252. Under IIRIRA's transitional rules, however, this new provision does not apply to proceedings initiated prior to April 1, 1997 that result in a final deportation order entered after October 30, 1996. We therefore continue to exercise jurisdiction over Dhillon's ac-

tion under 8 U.S.C. § 1105a(a). IIRIRA § 309(c)(1); *Kalaw v. INS*, 133 F.3d 1147, 1150–51 (9th Cir.1997).

